IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHIRKANT JANOLKAR, et. al., | CASE NO. 5:12-cv-03692 EJD |
| Plaintiff(s), | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| HSBC MORTGAGE CORPORATION (USA), et. al., | [Docket Item No(s). 4] |
| Defendant(s). | |

## I. INTRODUCTION

On or about December 27, 2004, Plaintiffs Shirkant Janolkar and Vaishali Janolkar ("Plaintiffs") executed a Deed of Trust for $674,000.00 in favor of HSBC Mortgage Corporation (USA) ("HSBC Mortgage") in order to purchase certain real property located in Mountain View, California. On January 19, 2012, Mortgage Electronic Registration Systems, Inc. ("MERS"), acting as nominee for HSBC Mortgage, assigned Plaintiffs' Deed of Trust to HSBC Bank, N.A.

On July 13, 2012, Plaintiffs commenced the instant action against Defendants HSBC Mortgage, HSBC Bank, N.A. and MERS (collectively, "Defendants") seeking to quiet title to the Mountain View property. Although not specifically revealed by the Complaint, the allegations imply that Plaintiffs' property has become the subject of foreclosure proceedings.

Federal jurisdiction arises pursuant 28 U.S.C. § 1332. Presently before the court is Defendants' Motion to Dismiss the Complaint. See Docket Item No. 4. Plaintiffs have not filed

written opposition to the motion, and the time for filing such opposition has passed.

Having carefully reviewed this matter, the court finds it suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing scheduled for October 26, 2012, will be vacated and Defendants' motion granted for the reasons described below.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). The factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). "[Material which is properly submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555. But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

## III. DISCUSSION

Having reviewed Plaintiffs' Complaint in light of the legal authority articulated above, the court has determined that Plaintiffs have failed to meet the applicable standard for two primary reasons: (1) Plaintiff have not provided sufficient factual information and (2) the legal theories

2
Case No. 5:12-cv-03692 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

which appear to for the basis of Plaintiffs' claims are not cognizable.

### A. Plaintiffs have Failed to Provide Sufficient Facts

To begin, Plaintiffs have not provided sufficient factual information to support their claims. Indeed, outside of noting the date upon which the Deed of Trust was signed by Plaintiffs and then assigned by MERS, Plaintiffs provide little other factual information specific to this case. In fact, although such a challenge is suggested, the court cannot even confirm whether or not Plaintiffs commenced this action in response to foreclosure proceedings. The result of the factual shortcomings is a Complaint which, for the most part, consists of vague allegations, irrelevant material, allusions to possible causes of action, and legal conclusions.

That is not enough. Although the federal rules allow for a flexible pleading policy, particularly with regard to *pro se* litigants, a complaint must still provide fair notice of the claims and must allege enough facts to state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555, 557). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." Jones, 733 F.2d at 649 (internal quotations omitted). Plaintiffs have missed the mark, even under a liberal reading of the Complaint.

More specifically, Plaintiffs must tailor the factual allegations to the causes of action they assert against Defendants. If their intent is to assert a cause of action for quiet title as the Complaint's caption suggests, the allegations must describe five elements: (1) a legal description of the property and its street address or common designation, (2) the title of the plaintiff and the basis of the title, (3) the adverse claims to the title of the plaintiff, (4) the date as of which the determination is sought and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. Cal. Civ. Proc. Code § 761.020. Here, the Complaint does not contain a legal description of the property, does not describe the basis for any adverse title claims against Plaintiffs, and does not indicate the date upon which the title determination is sought.

1   Plaintiffs also allude to a cause of action for breach of contract. Under California law, a
2   claim for breach of contract requires: "(1) existence of the contract; (2) plaintiff's performance or
3   excuse of nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the
4   breach." CDF Firefighters v. Maldonado, 158 Cal. App. 4th 1226, 1239 (2008). Assuming the
5   Deed of Trust attached to the Complaint is the contract at issue, Plaintiffs have not provided facts
6   supporting the remaining three factors.

7   Plaintiffs must also clarify which cause of action is asserted against which defendant since,
8   in its current form, the Complaint does not distinguish which defendants may be implicated on any
9   potential causes of action. See McHenry v. Renne, 84 F.3d 1172 (1996).

10   **B.   Plaintiffs have Failed to Plead a Cognizable Legal Theory**

11   In addition to lack of factual allegations, Plaintiffs have not articulated a cognizable legal
12   theory. Plaintiffs appear to assert liability based on Defendants' failure to "produce the note." But
13   district courts in California have consistently rejected the contention that the foreclosure process is
14   invalid if the trustee does not possess the original promissory note. See, e.g., Gamboa v. Tr. Corps,
15   09-0007 SC, 2009 U.S. Dist. LEXIS 19613, at *9-10, 2009 WL 656285 (N.D. Cal. Mar. 12, 2009);
16   Putkkuri v. ReconTrust Co., 08CV1919WQH (AJB), 2009 U.S. Dist. LEXIS 32, at *5-6, 2009 WL
17   32567 (S.D. Cal. Jan. 5, 2009); Neal v. Juarez, 06CV0055 J(JMA), 2007 U.S. Dist. LEXIS 98068, at
18   *25, 2007 WL 2140640 (S.D. Cal. July 23, 2007). As has the California Court of Appeal. See
19   Debrunner v. Deutsche Bank Nat'l Trust Co., 204 Cal. App. 4th 433, 440 (2012) ("We likewise see
20   nothing in the applicable statutes that precludes foreclosure when the foreclosing party does not
21   possess the original promissory note."). This is because California Civil Code § 2924 and its related
22   statutes establish a comprehensive and exclusive set of regulations for the conduct of nonjudicial
23   foreclosures, and do not require the person initiating foreclosure to have physical possession of the
24   promissory note. "Under Civil Code section 2924, no party needs to physically possess the
25   promissory note." Sicairos v. NDEX West, 08CV2014-LAB (BLM), 2009 U.S. Dist. LEXIS 11223,
26   at *6-7, 2009 WL 385855 (S.D. Cal. Feb. 13, 2009). Instead, "[t]he trustee, mortgagee, or
27   beneficiary, or any of their authorized agents" may commence the nonjudicial foreclosure process by
28   recording and servicing a notice of default. Cal. Civ. Code § 2924(a)(1).

4
Case No. 5:12-cv-03692 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

District courts have also rejected general theories of liability based on securitization of the underlying debt. See, e.g., Lane v. Vitek Real Estate Indus. Grp., 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) ("[T]he argument that parties lose their interest in a loan when it is assigned to a trust pool has also been rejected by many district courts."); Hague v. Wells Fargo Bank, N.A., No. 3:11-cv-02366-THE, 2011 U.S. Dist. LEXIS 140122, at *16, 2011 WL 6055759 (N.D. Cal. Dec. 6, 2011) ("To the extent that Plaintiffs' claims rely on the securitization of the loan . . . into a mortgage-backed security, there is no merit to the contention that securitization renders the lender's loan in the property invalid."); Wadhwa v. Aurora Loan Servs., LLC, No. S-11-1784 KJM KJN, 2011 U.S. Dist. LEXIS 73949, at *9-10, 2011 WL 2681483 (E.D. Cal. July 8, 2011), Kimball v. BAC Home Loans Servicing, LP, No. 10-CV-05670 LHK, 2011 U.S. Dist. LEXIS 17751, at *4, 2011 WL 577418 (N.D. Cal. Feb. 9, 2011); Marty v. Wells Fargo Bank, No. CIV S-10-0555 GEB DAD PS, 2011 U.S. Dist. LEXIS 29686, at *20-21, 2011 WL 1103405 (E.D. Cal. Mar. 22, 2011) ("[P]laintiff also claims that the 'securitization' of the note was an improper conversion and alteration of the note and deed of trust, undertaken without his consent and rendering the mortgage and Deed of Trust unenforceable against him. This claim is frivolous, has no support in the law and should be dismissed with prejudice.").

Furthermore, courts that have previously examined Deeds of Trust containing the same language contained in the one attached to the Complaint have routinely found that "MERS had the right to assign its beneficial interest to a third party." Baisa v. Indymac Fed. Bank, No. CIV-09-1464 WBS JMF, 2009 U.S. Dist. LEXIS 103444, at *8-11, 2009 WL 3756682 (E.D. Cal. Nov. 6, 2009); see also, e.g., Roybal v. Countrywide Home Loans, Inc., No. 2:10-CV-750-ECR-PAL, 2010 U.S. Dist. LEXIS 131287, at *11, 2010 WL 5136013 (D. Nev. Dec. 9, 2010) ("[T]here is a near consensus among district courts in this circuit that while MERS does not have standing to foreclose as a beneficiary, because it is not one, it does have standing as an agent of the beneficiary where it is the nominee of the lender, who is the true beneficiary"); Morgera v. Countrywide Home Loans, Inc., No. 2:09-cv-01476-MCE-GGH, 2010 U.S. Dist. LEXIS 2037, at *21, 2010 WL 160348 (E.D. Cal. Jan. 11, 2010) ("Courts have consistently found that MERS does in fact have standing to foreclose as the nominee of the lender.") (citations omitted); Gomes v.

Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149 (2011) ("'MERS is the owner and holder of the note as nominee for the lender, and thus MERS can enforce the note on the lender's behalf.'") (quoting Morgera, 2010 U.S. Dist. LEXIS 2037, at *22).

### C. Conclusion

As evident from the discussion above, Plaintiffs' Complaint does not meet the pleading standard described in Federal Rule of Civil Procedure 8. It will therefore be dismissed with leave to amend in order to allow Plaintiffs the opportunity to remedy the identified defects.

### IV. ORDER

Based on the foregoing, Defendants' Motion to Dismiss is GRANTED. The Complaint is DISMISSED WITH LEAVE TO AMEND. Any amended complaint must be filed **on or before November 19, 2012.**

Plaintiffs are advised that failure to file a timely amended complaint or failure to amend the complaint in a manner consistent with this Order may result in the dismissal of this action without further notice.

The hearing scheduled for October 26, 2012, is VACATED.

**IT IS SO ORDERED.**

Dated: October 17, 2012



EDWARD J. DAVILA
United States District Judge